**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**ALPHONSO GRAHAM BRISCOE,**

        **Petitioner,**

   **v.**                                              **CASE NO. 18-3300-SAC**

**SHANNON MEYER[1],**

        **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner, a prisoner in state custody, proceeds pro se, and the court grants leave to proceed in forma pauperis.

**Background**

Petitioner was convicted of two counts of attempted first-degree murder and criminal possession of a firearm in the District Court of Saline County, Kansas. *State v. Briscoe*, 238 P.3d 763 (Table)(Kan. App. 2010), *rev. denied*, Nov. 8, 2010 ("Briscoe I").

On appeal, he sought relief on the grounds that the State failed to disclose evidence during discovery, that the district court erred in excluding the testimony of his expert witness, and that there was insufficient evidence to support his convictions. He also alleged that he was denied a fair trial by cumulative error. *Id.*

Petitioner next filed a state post-conviction action under K.S.A. 60-1507. *Briscoe v. State*, 412 P.3d 1039 (Table) (Kan. App. Feb. 16, 2018), *rev. denied*, Oct. 30, 2018 ("Briscoe II"). In his appeal in that action, he alleged ineffective assistance of his trial

---

[1] [1] The court grants petitioner's motion to amend the caption due to his transfer (Doc. 8).

counsel because they did not cross-examine prosecution witness Mary Taylor, failed to impeach another prosecution witness, Shawn Delforge, with his prior conviction of misdemeanor insufficient funds check, and failed to qualify Dr. Michael Lyman as an expert witness. He again alleged cumulative error.

## Discussion

"A state prisoner generally must exhaust available state-court remedies before a federal court can consider a habeas corpus petition." *Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006); *see also* 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement provides the state courts "an opportunity to act on [the prisoner's] claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To satisfy the exhaustion prerequisite, petitioner must have presented the very issues raised herein to the Kansas Supreme Court, either by way of direct appeal or by state post-conviction motion. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

The petition presents twelve grounds for relief. The court considers each in turn to determine whether it was presented to the state courts.

Ground 1: Petitioner first alleges the trial court erred by refusing to allow the defense to present its theory of defense and to "introduce evidence regarding the State's witnesses to gang membership." It does not appear this claim was presented to the Kansas appellate courts. The decision in petitioner's direct appeal discusses counsel's request for criminal histories of each of the State's witnesses, but the request was not denied by the trial court,

nor is it clear that this information concerned gang membership.

Ground 2: Petitioner claims the district court erred in denying extrinsic evidence through witness testimony, citing Robin Harrington. Neither of the appellate decisions mentions Robin Harrington, nor is it clear what specific evidence was denied by the district court's ruling.

Ground 3: Petitioner claims the State erred in failing to produce exculpatory evidence contained in the statements from witness Mary Taylor. Although the decision in Briscoe II discusses the failure of trial counsel to cross-examine this witness, there is no evidence that petitioner exhausted a claim concerning any earlier statements made by her.

Ground 4: Petitioner claims there was insufficient evidence to identify him as the shooter. This claim was raised and exhausted in Briscoe I.

Ground 5: Petitioner alleges prosecutorial misconduct, claiming the State knowingly allowed Investigator Augustine to give false or misleading testimony at trial. There is no reference to this testimony in either Briscoe I or Briscoe II.

Ground 6: Petitioner claims the trial court erred in denying motions for mistrial and for a new trial after it declined to allow Dr. Michael Lyman to testify as an expert. While the trial court's refusal to allow this testimony is discussed in Briscoe I, there is no reference to a claim concerning the denial of defense motions following that ruling.

Ground 7: Petitioner alleges cumulative error denied him a fair trial. Petitioner presented claims of cumulative error in both his direct appeal and his appeal from the denial of his post-conviction

action.

Ground 8: Petitioner claims his appellate counsel provided ineffective assistance by failing to present all the issues petitioner requested. This claim is not presented in either appellate decision.

Ground 9: Petitioner claims his trial counsel provided ineffective assistance by failing to investigate expert witness qualification, failing to obtain independent scientific testing on material recovered from the crime scene, failing to ensure he had all discoverable evidence prior to trial, failing to thoroughly investigate and interview essential witnesses, failing to cross-examine witness Mary Taylor, and by cumulative error. Petitioner's claims of ineffective assistance by trial counsel are discussed in Briscoe II and present the claims of the failure to cross-examine Ms. Taylor, the failure to impeach another witness with a prior conviction, the unsuccessful attempt to qualify Dr. Lyman as an expert, and a claim of cumulative error. The claims concerning Ms. Taylor and Dr. Lyman and the claim of cumulative error concerning those points are exhausted.

Ground 10: Petitioner alleges the trial court erred in failing to separately address each of the points in his action under K.S.A. 60-1507. This claim does not appear in Briscoe II.

Ground 11: Petitioner alleges his appellate post-conviction counsel provided ineffective assistance by failing to present the issues petitioner wanted, by failing to object to the State's citation of facts that were not in the record or properly identified, and by failing to raise claims concerning ineffective assistance of trial and appellate counsel. These claims are barred by federal statute. Under 28 U.S.C. § 2254(i),"The ineffectiveness or incompetence of

counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."

Ground 12: Petitioner claims the Kansas appellate courts erred in upholding his conviction on a statement of facts that is not correct. This claim is not presented in Briscoe I or Briscoe II.

Based on its initial review, the court finds that Grounds 1,2,3,5,6,8,10, and 12 are unexhausted. "Generally, a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies." *Grant v. Royal*, 886 F.3d 874, 891-92 (10th Cir. 2018)(quoting *Bland v. Sirmons*, 459 F.3d 999, 1012 (10th Cir. 2006)). "However, dismissal ... is not appropriate if the state court would now find the [unexhausted] claims procedurally barred on independent and adequate state procedural grounds." *Grant*, 886 F.3d at 892 (quoting *Smallwood v. Gibson*, 191 F.3d 1257, 1267 (10th Cir. 1999)). Where the federal court finds that a state court would apply a procedural bar to the petitioner's unexhausted claims, the federal court may apply an anticipatory procedural bar and consider those claims procedurally defaulted. *Id*.

The unexhausted claims in this matter appear to be barred by K.S.A. § 60-1507, which provides that "the sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." K.S.A. 60-1507(c). Likewise, the statute provides a one-year limitation period running from the final order of the last state appellate court in a direct appeal or the denial of a petition for writ of certiorari to the U.S. Supreme Court. K.S.A. 60-1507(f)(A)-(B). If petitioner returned to the state courts, an action under §60-1507 would be both a successive

application and outside the limitation period. The court therefore considers the unexhausted claims to be defaulted.

A federal habeas court may consider defaulted claims only if the petitioner can demonstrate both "cause for the default and actual prejudice as a result of the alleged violation of federal law" or that a "fundamental miscarriage of justice" will result unless the court considers the claim. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

To demonstrate cause, petitioner must "show that some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rules." *Murray v. Carrier*, 477 U.S. 478, 488 (1986) If a petitioner fails to demonstrate "cause," a court need not consider whether he can establish the requisite prejudice. *Klein v. Neal*, 45 F.3d 1395, 1400 (10th Cir. 1995). If petitioner is unable to show cause and prejudice, he must show that habeas corpus review is warranted to avoid "a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. This exception is available only in the "extraordinary" case of one who is "innocent of the crime." *Gilbert v. Scott*, 941 F.3d 1065, 1068 n.2 (10th Cir. 1991). To support a claim of actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Ordinarily, this exception "requires [the] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* at 324.

Before proceeding in this matter, the court will allow petitioner

the opportunity to show cause why the claims identified as unexhausted and procedurally defaulted should not be dismissed by the court. If he declines to do so, he may submit an amended petition that presents only the exhausted claims. The failure to file a response may result in the dismissal of this matter without additional notice.

IT IS THEREFORE ORDERED petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

IT IS FURTHER ORDERED petitioner's motion for an order to show cause (Doc. 7) is denied without prejudice.

IT IS FURTHER ORDERED petitioner's motion to amend the name of the respondent (Doc. 8) is granted.

IT IS FURTHER ORDERED petitioner is granted to and including **February 4, 2021,** to show cause why the defaulted claims should not be dismissed or to submit an amended petition that contains only exhausted claims.

**IT IS SO ORDERED.**

Dated this 4th day of January, 2021, in Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge