**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**ALPHONSO GRAHAM BRISCOE,**

                         **Petitioner,**

        **v.**                                                **CASE NO. 18-3300-SAC**

**SHANNON MEYER,**

                         **Respondent.**

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner's response to the Court's January 4, 2021 Memorandum and Order ("MO").[1] In the MO, the Court directed Petitioner to show cause why the Court should not dismiss Grounds 1, 2, 3, 5, 6, 8, 10, and 12 of his petition for writ of habeas corpus as unexhausted and procedurally defaulted.(Doc. 10). Having reviewed the Petitioner's response, the Court finds that Petitioner has failed to show sufficient cause for the Court to review his unexhausted and procedurally defaulted grounds. However, because some of Petitioner's asserted grounds for relief are exhausted, the Court will allow Petitioner the opportunity to submit a second amended petition in which he presents only the exhausted grounds for relief.

**Background**

In 2007, a jury convicted Petitioner of attempted first-degree murder and criminal possession of a firearm and the District Court

---

[1] Petitioner filed two responses, one on February 12, 2021, and the other on February 23, 2021. (Doc. 12 and 13.) The responses appear to be identical with the exception that an additional exhibit is attached to the February 23, 2021 response. Therefore, for ease of understanding, the Court will refer in this Order only to the response filed February 23, 2021.

of Saline County, Kansas, sentenced him to 620 months in prison. *State v. Briscoe*, 2010 WL 3731182, at *1 (Kan. Ct. App. 2010), *rev. denied* Nov. 8, 2010 ("*Briscoe I*"); *Briscoe v. State*, 2018 WL 911416, at *2 (Kan. Ct. App. 2018), *rev. denied* Oct. 30, 2018 ("*Briscoe II*"). Andrew S. Harnett and Bobby Hiebert, Jr. jointly represented Petitioner throughout his trial; the Court hereinafter collectively refers to Harnett and Hiebert as "trial counsel." *See id.* at *1. Petitioner pursued a direct appeal and the Kansas Court of Appeals ("KCOA") affirmed his convictions. *Briscoe I*, 2010 WL 3731182, at *3. The Kansas Supreme Court ("KSC") denied his petition for review on November 8, 2010. Bryan C. Hitchcock and Carl F.A. Maughan represented Petitioner during his direct appeal. *Id.* at *1. The Court hereinafter will refer to Hitchcock and Maughan collectively as "direct appeal counsel."

Petitioner then filed a timely pro motion for state habeas relief under K.S.A. 60-1507. *Briscoe II*, 2018 WL 911416, at *2; see also K.S.A. 60-1507(f). According to state district court records, Petitioner was thereafter represented by counsel in the district court proceedings on the 60-1507 motion; the Court hereinafter will refer to Petitioner's attorney or attorneys as "60-1507 counsel." The district court denied the motion, the KCOA affirmed the denial, and the KSC denied Petitioner's subsequent petition for review. *Briscoe II*, 2018 WL 911416, at *1-2. Kristen B. Patty represented Petitioner during the appellate 60-1507 proceedings; the Court hereinafter will refer to her as "60-1507 appeal counsel." *See Id.* at *1.

Petitioner then filed this pro se petition for habeas corpus under 28 U.S.C. § 2254, asserting 12 grounds for relief. (Doc. 1.)

After initially reviewing the petition, the Court concluded that Petitioner had not exhausted available state court remedies with respect to the issues raised in Grounds 1, 2, 3, 5, 6, 8, 10, and 12 of this petition. (Doc. 10, p. 5.) In addition, the Court noted that K.S.A. 60-1507 appears to bar any attempt Petitioner might at this point make to exhaust state-court remedies. *Id.* at 5-6. Therefore, the Court concluded, the unexhausted claims are procedurally defaulted. Accordingly, in the MO issued January 4, 2021, the Court directed Petitioner to submit an amended petition presenting only the exhausted claims or show cause why the Court should not dismiss the unexhausted and procedurally defaulted claims. *Id.* at 6-7.

**Legal Standards**

As explained in the MO, "[a] state prisoner generally must exhaust available state-court remedies before a federal court can consider a habeas corpus petition." *Bland v. Simmons*, 459 F.3d 999, 1011 (10th Cir. 2006); *see also* 28 U.S.C. § 2254(b)(1). To satisfy the exhaustion requirement, Petitioner must have presented the very issues raised in his federal habeas petition to the Kansas Supreme Court. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971). When the relevant state courts would now find unexhausted claims procedurally barred, the federal court considers the claims procedurally defaulted. *Grant v. Royal*, 886 F.3d 874, 891-92 (10th Cir. 2018).

"A petitioner may overcome the procedural bar only if he can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that the failure to consider the claims will result in a fundamental

miscarriage of justice." *Id.* at 892 (internal citations and quotation marks omitted). To demonstrate cause, Petitioner must "show that some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rules." *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). If Petitioner fails to demonstrate cause, the Court need not consider whether he can establish the requisite prejudice. *See Klein v. Neal*, 45 F.3d 1395, 1400 (10th Cir. 1995).

As in the MO, the Court will consider each of the procedurally defaulted grounds in turn to determine whether Petitioner has overcome the procedural bar.[2]

**Ground 1:** Petitioner alleges the trial court erred by refusing to allow the defense to present its theory of defense and to "introduce evidence regarding the State's witnesses to gang membership." In the MO, the Court noted that it does not appear that this claim was presented to the Kansas appellate courts. (Doc. 10, p. 2.) In his response, Petitioner informs the Court that he did not discover this alleged error until he was able to review the trial transcripts, which, despite his efforts, was well after he

---

[2] Petitioner argues that it would be a fundamental miscarriage of justice for this Court to decline to consider the procedurally defaulted claims he now raises because that would prevent him—"an innocent man"—from being able to present him from showing the Court a full picture of the constitutional violations he suffered. (Doc. 13, p. 7-8, 15, 27.) The "fundamental miscarriage of justice" exception is available only in the "extraordinary" case of one who is "innocent of the crime." *Gilbert v. Scott*, 941 F.3d 1065, 1068 n.2 (10th Cir. 1991). To support a claim of actual innocence, Petitioner "must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *See Schlup v. Delo*, 513 U.S. 298, 327 (1995). Ordinarily, this exception "requires [the] petitioner to support his allegation of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* at 324. Petitioner has presented no such new, reliable evidence that was not presented at trial. Thus, his argument that a fundamental miscarriage of justice will occur if the Court does not consider his unexhausted claims fails.

filed his pro se 60-1507 motion. (Doc. 13, p. 10.) Petitioner alleges that he asked 60-1507 counsel to raise this issue to the district court, but the district court denied 60-1507 counsel's request to amend the 60-1507 motion to add the issue. *Id.* Petitioner also asserts that he asked 60-1507 appeal counsel to raise the issue, but she did not. *Id.* at 12.

Liberally construing Petitioner's arguments, it appears he contends that 60-1507 counsel and 60-1507 appeal counsel were ineffective for failing to secure state court consideration of this issue and this ineffectiveness caused the failure to exhaust state court remedies for this issue. When relying on ineffective assistance of counsel to excuse procedural default of a claim, "the assistance must have been so ineffective as to violate the Federal Constitution." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). In other words, for 60-1507 appeal counsel's refusal to raise this issue to be sufficient cause to excuse the procedural default, 60-1507 counsel's refusal must constitute ineffective assistance of counsel in violation of the Federal Constitution. Because the ineffective assistance of 60-1507 appeal counsel would then be an independent constitutional claim, Petitioner must have presented it to the state courts before he may argue it here. *See id.* at 452 (holding that ineffective assistance of counsel "generally must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'").

Petitioner has not argued to the Kansas state courts that 60-1507 appeal counsel provided ineffective assistance in violation of the Federal Constitution.[3] Nor has he shown sufficient cause for

---

[3] He could have done so through a second 60-1507 proceeding, but he did not.

his failure to do so. Therefore, he may not now rely on the ineffective assistance of those counsel to provide cause for his failure to raise other issues to the state courts. Moreover, because it has now been over a year since the 60-1507 proceedings became final, the state courts would likely find any such challenge untimely. See K.S.A. 60-1507. Petitioner's argument that 60-1507 counsel and 60-1507 appeal counsel were unconstitutionally ineffective is thus procedurally barred and defaulted. Petitioner has failed to show sufficient cause why he did not exhaust his state court remedies on this ground and, as such, this Court cannot consider it.

**Ground 2:** Petitioner claims the district court erred in denying extrinsic evidence through witness testimony, citing Robin Harrington. In its earlier order, the Court noted that neither *Briscoe I* nor *Briscoe II* mention Robin Harrington and it was unclear what specific evidence the district court denied. (Doc. 10, p. 3.) In his response, Petitioner clarifies that the evidence at issue was Robin Harrington's anticipated trial testimony regarding an incident that affected Petitioner's relationship with certain State witnesses. (Doc. 13, p. 13.) Petitioner believed Harrington's testimony would have undermined the credibility and rebutted the testimony of those State witnesses. *Id.* at 12-13.

As in Ground 1, Petitioner asserts that he asked direct appeal counsel to raise this issue. *Id.* at 12; see also (Doc. 6-1, p. 29-

---

See *Savery v. State*, 2020 WL 6106477, at *1 (Kan. Ct. App. 2020)(holding 60-1507 motion "only raising an ineffective assistance claim against . . . his first 60-1507 appellate counsel" filed within a year of the final decision in the first 60-1507 proceedings was "timely and not successive."), *pet. for rev. filed* Nov. 12, 2020; *Calvin v. State*, 2017 WL 5180752, at *4 (Kan. Ct. App. 2017)("We acknowledge that ineffective assistance of a prior 60-1507 counsel in failing to raise an issue can rise to the level of an exceptional circumstance to permit a successive 60-1507 motion."), *rev. denied* Aug. 30, 2018.

30). Petitioner also asserts that he "tried to raise this issue in the K.S.A. 60-1507 and asked appellate 60-1507 counsel . . . to appeal the dismissal of this ground by the" 60-1507 court. (Doc. 13, p. 14.) As explained above, the alleged ineffectiveness of 60-1507 counsel and 60-1507 appeal counsel was not exhausted in the state courts, so Petitioner cannot now use it to establish cause for the similar failure to exhaust Ground 2. Likewise, as noted in the MO, neither *Briscoe I* nor *Briscoe II* included a claim that direct appeal counsel was ineffective. (Doc. 10, p. 4.) Thus, Petitioner cannot use alleged ineffectiveness of direct appeal counsel to provide cause to excuse procedural default of Ground 2.

**Ground 3:** Petitioner claims the State erred in failing to produce exculpatory evidence contained in the statements from Witness Mary Taylor. In the MO, the Court noted that "[a]lthough the decision in *Briscoe II* discusses the failure of trial counsel to cross-examine this witness, there is no evidence that [P]etitioner exhausted a claim concerning any earlier statements made by her." (Doc. 10, p. 3.) In his response, Petitioner asserts that he asked direct appeal counsel to raise this issue, Petitioner himself raised it in his 60-1507 motion, and he asked 60-1507 appeal counsel to raise it in that appeal. (Doc. 13, p. 15-16.) For the reasons stated above, the alleged ineffectiveness of direct appeal counsel and 60-1507 appeal counsel cannot provide sufficient cause for the failure to exhaust Ground 3.

**Ground 5:** Petitioner alleges prosecutorial misconduct, claiming the State knowingly allowed Investigator Augustine to give false or misleading testimony at trial. In the MO, the Court noted that "[t]here is no reference to this testimony in either *Briscoe*

*I* or *Briscoe II*." (Doc. 10, p. 3.) In his response, Petitioner argues that this issue was before the state district court in the 60-1507 proceedings and his direct appeal counsel should have raised it. (Doc. 13, p. 17-18.) For the reasons stated above, that direct appeal counsel and 60-1507 appeal counsel were ineffective for failing to raise this issue cannot provide sufficient cause for the failure to exhaust Ground 5.

**Ground 6:** Petitioner claims the trial court erred in denying motions for mistrial and for a new trial after it declined to allow Dr. Michael Lyman to testify as an expert. In his response to the MO, Petitioner states that he erred in articulating this ground and he intended to assert as Ground 6 that the "[c]ourt erred in excluding the testimony of petitioner's expert witness Dr. Lyman." (Doc. 13, p. 23.) Petitioner is correct that the issue of the district court excluding Dr. Lyman's testimony was exhausted in state court. *See Briscoe I*, 2010 WL 3731182, at *2. The Court construes Petitioner's response as a request to amend the petition to assert the intended Ground 6 and will allow Petitioner the opportunity to do so.

**Ground 8:** Petitioner claims his appellate counsel provided ineffective assistance by failing to present all the issues petitioner requested. In his response to the MO, Petitioner clarifies that he is directing this claim toward assistance provided by direct appeal counsel. (Doc. 13, p. 2.) He alleges that he raised this claim in his 60-1507 motion, but the state district court dismissed this issue because Petitioner did not specify a particular issue direct appeal counsel improperly failed to raise. *Id.* Petitioner asserts that the state district court should have given

more weight to his lack of legal experience and should have allowed him to correct the lack of specificity and present evidence at a hearing. *Id.* at 4-6. Petitioner acknowledges that his 60-1507 appeal counsel did not challenge the dismissal of this issue on appeal, but he argues that he asked her to do so. *Id.* at 7.

For the reasons explained above, the alleged ineffective assistance of 60-1507 appeal counsel cannot provide sufficient cause to overcome the procedural bar for Ground 8.

**Ground 10:** Petitioner alleges the trial court erred in failing to separately address each of his arguments in his action under K.S.A. 60-1507. In his response to the MO, Petitioner has informed the Court that he "abandons this issue." (Doc. 13, p. 2.)

**Ground 12:** Petitioner claims the Kansas appellate courts erred in upholding his conviction because they based their decisions on inaccurate facts. As the Court noted in the MO, this claim was not presented in either *Briscoe I* or *Briscoe II*. (Doc. 10, p. 5.) In his response, Petitioner asserts that there were no available state court remedies for this issue. (Doc. 13, p. 26-27.) But Kansas Supreme Court Rule 7.05 allows litigants to file a request for rehearing or modification in the court of appeals, which Petitioner could have done in an effort to correct the alleged factual errors. And the Kansas Supreme Court has, at times, modified the lower court's opinion when a factual error is discovered, so Petitioner could have raised it in his petition for review to that court. See *Farmers Ins. Co., Inc. v. Gilbert*, 247 Kan. 589, 802 P.2d 556 (1990). There is no indication that Petitioner pursued either of these avenues for relief.

**Conclusion**

The petition as it currently stands provides 12 grounds for relief. Grounds 4, 7, and 9 are exhausted. Ground 6 as written in the petition is unexhausted, but the Court grants Petitioner's request to amend that claim and, as amended, Ground 6 is exhausted. Petitioner has abandoned Ground 10. Ground 11 is barred by federal statute, as explained in the MO. (Doc. 10, p. 4.) Grounds 1, 2, 3, 5, 8, and 12 are unexhausted. Because the petition includes exhausted and unexhausted claims, this is a mixed petition. *See Rhines v. Weber*, 544 U.S. 269, 271 (2005). One of the options available to a court faced with a mixed petition is to "allow the petitioner to amend the petition, remove the unexhausted claims, and proceed with the exhausted claims." *Clary v. Cline*, 2020 WL 3791868, at *7 (D. Kan. 2020) (citing *Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009)).

Accordingly, the Court will allow Petitioner the opportunity to file a complete and proper second amended petition that presents only the claims now known as Grounds 4, 7, and 9, and the amended version of Ground 6 Petitioner articulated in his response to this Court's MO. If Petitioner submits an second amended petition, it must be on court-approved forms and must be complete in and of itself; it may not refer back to an earlier version of the petition or attempt to incorporate by reference earlier filings with this Court. Any grounds for relief not included in the second amended petition will not be considered before the Court. Petitioner must include the case number of this action (18-3300) on the first page of the second amended petition.

If Petitioner fails to submit an amended petition consistent with these directions, the Court may dismiss the action without additional notice.

**IT IS THEREFORE ORDERED** that Petitioner is granted to and including **August 6, 2021,** to file a second amended petition as directed.

**IT IS FURTHER ORDERED** that Petitioner's motion for continuance and motion for hearing, (Doc. 11), is **denied without prejudice.**

**IT IS SO ORDERED.**

DATED: This 6th day of July, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge