IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ALPHONSO GRAHAM BRISCOE,**

        **Petitioner,**

        **v.**                      **CASE NO. 18-3300-SAC**

**SHANNON MEYER,**

        **Respondent.**

## MEMORANDUM AND ORDER

The Court has examined Petitioner's second amended petition (Doc. 19) and finds that:

1. Petitioner is presently a prisoner in the custody of the State of Kansas; and

2. Petitioner demands his release from such custody, and as grounds therefore alleges that he is being deprived of his liberty in violation of his rights under the Constitution of the United States, and he claims that he has exhausted all remedies afforded by the courts of the State of Kansas.[1]

**IT IS THEREFORE ORDERED:**

1. That Respondent is hereby required to show cause within

---

[1] Petitioner initially asserted ineffective assistance of trial counsel as Ground 9. (Doc. 1, p. 19.) As noted in the Court's January 4, 2021, Memorandum and Order, Ground 9 contained multiple assertions of error by trial counsel, but Petitioner had exhausted his state-court remedies only with respect to some of the asserted errors by trial counsel. (Doc. 10, p. 4.) *See Briscoe v. State*, 2018 WL 911416 (Kan. Ct. App. 2018), *rev. denied* Oct. 30, 2018. In the operative second amended petition, ineffective assistance of trial counsel is Ground 1, and Petitioner again includes those alleged errors that he does not appear to have exhausted in the state court. (See Doc. 19, p. 3, 6.) Petitioner exhausted his state-court remedies only on the claims that trial counsel were ineffective for failing to (1) cross-examine Ms. Taylor,(2) impeach another witness with a prior conviction, and (3) successfully qualify Dr. Lyman as an expert, as well as a claim of cumulative error. (*See* Doc. 10, p. 4.)

   thirty (30) days from the date of this order why the writ should not be granted.

2. That the response should present:
   a. The necessity for an evidentiary hearing on each of the grounds alleged in Petitioner's pleading; and
   b. An analysis of each of said grounds and any cases and supporting documents relied upon by Respondent in opposition to the same.

Respondent shall cause to be forwarded to this court for examination and review the following:

   The records and transcripts, if available, of the criminal proceedings complained of by Petitioner; if a direct appeal of the judgment and sentence of the trial court was taken by Petitioner, Respondent shall furnish the records, or copies thereof, of the appeal proceedings.

3. Upon the termination of the proceedings herein, the clerk of this Court will return to the clerk of the proper state court all state court records and transcripts.

4. That Petitioner be granted thirty (30) days after receipt by him of a copy of Respondent's answer and return to file a traverse thereto, admitting or denying, under oath, all factual allegations therein contained.

5. That the clerk of this Court then return this file to the undersigned judge for such other and further proceedings as may be appropriate; and that the clerk of this Court transmit copies of this order to Petitioner and to the office of the Attorney General for the State of Kansas.

**IT IS SO ORDERED.**

DATED:  This 19th day of July, 2021, at Topeka, Kansas.

                                              S/ Sam A. Crow

                                              SAM A. CROW
                                              U.S. Senior District Judge